## CIRCUIT COURT OF FAIRFAX COUNTY

Dan L. Frazer

v.

Austin Linwood Millington
et al.

December 15, 2003

Case No. (Chancery) 181394

BY JUDGE M. LANGHORNE KEITH

This matter was heard on December 2, 2003. The parties filed post-trial briefs on December 12, 2003. I have now had an opportunity to review the evidence presented, the argument of counsel, and the post-trial briefs and, for the reasons set forth below, hold that the right of first refusal set forth in the Vivlow and Company Articles of Incorporation is unenforceable.

Vivlow and Company ("Vivlow") was organized in 1976. Article 9 of Vivlow's Articles of Incorporation provides, among other things, that no stockholder can bequeath stock of Vivlow "unless and until such stock is offered for sale to this corporation and its other stockholders *in the manner and for the price set forth below*." (Emphasis added.) The next paragraph of Article 9 provides that any stockholder desiring to sell or transfer his "shares" must first offer the shares "at the same price and upon the same terms at which the selling shareholder has received a bona fide offer in writing from a responsible, independent, and unrelated third person."

After Vivlow was organized, its founder, Mildred W. Frazer, owned all 5,000 shares of stock. On December 27, 1981, Ms. Frazer sold one share of stock to her daughter, Shelle Millington, and one share of stock to her son, Dan L. Frazer.

On July 31, 1984, Mildred Frazer executed a revocable *inter vivos* trust. On June 18, 1985, Mildred Frazer transferred her 4,998 shares to the trust. While Complainant, Dan L. Frazer, testified that Mildred Frazer complied with Article 9 in making that transfer, there was no evidence of such

compliance in the Vivlow corporate records, and I do not find Mr. Frazer's testimony to be credible.

Mildred Frazer died on June 23, 1986. On August 15, 1994, Shelle Millington died. At the time of her death, Shelle Millington owned one share of Vivlow stock. In her will, she bequeathed the one share of stock in Vivlow to her husband, Respondent Austin Millington. She also exercised the power of appointment granted her in the *inter vivos* trust. This appointment and other matters were the subject of litigation reported at *Frazer v. Millington*, 252 Va. 195, 475 S.E.2d 811 (1996). By letter to Vivlow dated August 19, 1994, Frazer put Vivlow and Austin Millington on notice that he did not acknowledge that Austin Millington had any ownership or voting rights in Vivlow.

On November 15, 2002, Frazer filed a Bill of Complaint for a Declaratory Judgment seeking a declaration that Millington's share of stock must be offered to Vivlow and then to Frazer; that Millington may not offer, sell, or transfer that stock without complying with the right of first refusal; that a prior pledge of the stock was invalid; and setting the price of the stock.

Frazer concedes, as he must, that the provisions of Article 9 are a right of first refusal in the Corporation and the other shareholders. Article 9 is not a typical buy-sell agreement often seen in closely held corporations. See *Dominick v. Vassar*, 235 Va. 295, 367 S.E.2d 487 (1988). Millington argues that the right of first refusal is unenforceable because it is an unreasonable restraint on alienation and it violates the rule against perpetuities.[1] The Court agrees.

Frazer vehemently argues that Article 9 requires Shelle Millington's estate to offer the share of stock to the Corporation. But vehemence is no substitute for the actual language of Article 9. Paragraph one of Article 9 when read with paragraph 2 of Article 9 triggers the right of first refusal only if a shareholder has received a third-party offer that the shareholder is willing to accept.

Only unreasonable restraints on alienation are prohibited. *Monacan Hills, Inc. v. Page*, 203 Va. 110, 122 S.E.2d 654 (1961). Here, Article 9 allows stock to be transferred by intestate succession but does not allow the same stock to be bequeathed. The right of first refusal expressly applies to "any heir" or "successor in interest" and thus contemplates that, if a shareholder dies intestate his stock will pass to his heir. But under Frazer's parsing of Article 9, a shareholder who writes a will is prohibited from transferring his

---

[1] Frazer objects to Millington's reliance on the rule of perpetuities as he did not raise it in his pleadings. However, Millington argued it in his closing and in his supplemental brief and Frazer responded to the argument in his supplemental brief. Having had a full opportunity to respond to the argument, Frazer cannot complain that the Court considered this defense.

share to a named beneficiary. Such a distinction has no rational basis and makes the restraint unreasonable.

As the Articles of Incorporation were executed in 1976, the common law rule against perpetuities applies. *Lake of the Woods Assoc. v. McHugh*, 238 Va. 1, 380 S.E.2d 872 (1989). The rule also applies to rights of first refusal. *Id.* at 7. As the right of first refusal here is indefinite in duration, it violates the rule and is therefore void *ab initio. See id.*, at 4; *Joseph v. Pollak*, 795 F. Supp. 163 (E.D. Va. 1992).